UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
YVES KEDELINA,

        CASE NO.:

    Plaintiff,

  -against-                                COMPLAINT

GC SERVICES, LP,               PLAINTIFF DEMANDS TRIAL
                                                    BY JURY
    Defendant.
-------------------------------------------------------X

## COMPLAINT

YVES KEDELINA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendant conducts business and maintains its headquarters in the State of New York, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Bronx, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative is a "non-debtor" granted a cause of action under the FDCPA. See <u>Wagstaff v. U.S. Dep't of Edu.</u>, 509 F.3d 661, 663 (5th Cir. 2007) ("The FDCPA is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices.")

7. Defendant is a national debt collection company with corporate headquarters located at 6330 Gulfton Drive, Houston, TX 77081.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt that Defendant was seeking to collect could only have arose from transactions, which were primarily for personal, family, or household purposes as Plaintiff has no outstanding business debts.

12. Within the one year period preceding the filing of this Complaint and continuing through February 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone seeking to collect the alleged debt.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to, 855-877-7995. The undersigned has confirmed that this number belongs to the Defendant.

14. Defendant refused to provide information to Plaintiff concerning the debt, and

instead requested personal information from Plaintiff including his social security number.

15. Plaintiff was worried that Defendant was perpetrating a scam, and refused to provide information to it.

16. Plaintiff also told Defendant that he was not going to pay any debt that he did not believe to be his.

17. Frustrated by the continued calls and lack of information, Plaintiff told Defendant to stop calling in or around October 2015.

18. However, despite his request Defendant continued to call through February 2016.

19. During these calls, Defendant threatened to take legal action against Plaintiff and report this debt to the credit reporting agencies.

20. Defendant has not sued Plaintiff or reported the alleged debt to a credit reporting agency.

21. Based upon information and belief, Defendant did not intend to file a lawsuit against Plaintiff or report the debt to a credit reporting agency but made these threats with the intent to scare and coerce payment from Plaintiff.

22. Defendant took the actions described herein with the intent to intimidate, deceive and harass Plaintiff into paying this alleged debt.

**DEFENDANT VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

30.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31.     Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff, caused Plaintiff's phone to ring continuously, continued to call Plaintiff knowing the calls were unwanted, and when it engaged in other harassing or abusive conduct.

## COUNT II

32.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

33.     Defendant violated § 1692f of the FDCPA when it placed repeated harassing telephone calls to Plaintiff, caused Plaintiff's phone to ring continuously, called after being told to stop calling, refused to provide any information to Plaintiff concerning the debt, and when it engaged in other unfair conduct.

## COUNT III

34.     Section §1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of a debt;

35.     Section §1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect or attempt to collect a debt.

36.     Section §1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

37.     Defendant violated §§ 1692e, 1692e(5) and e(10) of the FDCPA by threatening to

take legal action against Plaintiff and threatening to report the debt to the credit reporting agencies without taking such action and/or without the intention of taking such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YVES KEDELINA, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, YVES KEDELINA, demands a jury trial in this case.

DATED 4-13-2016                KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
　　Craig Thor Kimmel
　　Attorney ID # 2790038
　　Attorney for Plaintiff
　　Kimmel & Silverman, P.C.
　　30 E. Butler Pike
　　Ambler, PA 19002
　　Phone: (215) 540-8888
　　Fax: (877) 788-2864
　　Email: kimmel@creditlaw.com